# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **Douglas James Young and** | ) | **Case No. 07-05608-TOM-13** |
| **Michelle McClure Young,** | ) | |
| | ) | |
| **Debtors.** | ) | |

| | | |
|---|---|---|
| **Douglas James Young,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Adv. Proc. No. 08-00034** |
| | ) | |
| **Lockhart, Morris & Montgomery,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## AMENDED MEMORANDUM OPINION[1]

This adversary proceeding is before the Court following an evidentiary hearing on damages held on June 2, 2008 on the Complaint filed by Douglas James Young. Appearing at the hearing was counsel for the Plaintiff, the Plaintiff, and Charles E. King, Assistant Chapter 13 Trustee. The Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157(a) and 1334(b). This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A). This Court has considered the pleadings, the arguments of counsel, the testimony of the Debtor, and the law, and finds and concludes as follows.[2]

---

[1] Changes are underlined and affect only footnote number 5.
[2] This Memorandum Opinion constitutes findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, applicable to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7052.

# FINDINGS OF FACT[3]

On December 6, 2007 the Debtors filed for chapter 13 protection. In the Debtors' schedules, the Debtors listed Lockhart, Morris & Montgomery as an unsecured creditor on Schedule F. The Defendant was sent a *Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines*.

Post-petition, on December 30, 2007 and on January 31, 2008, the Defendant debited from the Debtor/Plaintiff's checking account $195.00 each occurrence for a total of $390.00. At the evidentiary hearing, the Debtor testified that to date the funds had not been refunded.

On February 8, 2008, the Debtor filed this adversary proceeding against the Defendant for violation of the automatic stay. The summons and a copy of the complaint were served on the Defendant, to the attention of John Montgomery[4]. The summons informed the Defendant that an answer or response was due within 30 days of service of the summons and set a pre-trial hearing for April 21, 2008. At the pre-trial hearing on April 21, 2008, no one appeared on behalf of the Defendant and the deadline to file a response or answer had expired. The Debtor filed a motion for default judgment and an order in favor of the Debtor and against the Defendant was entered on May 7, 2008, a copy of which was sent to the Defendant. The Court then set an evidentiary hearing for June 2, 2008 to allow the Debtor to prove damages and notice was sent to the Defendant.

---

[3] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court may take judicial notice of the contents of its own files. See ITT Rayonier, Inc. v. U.S., 651 F.2d 343 (5th Cir. 1981); Florida v. Charley Toppino & Sons, Inc., 514 F.2d 700, 704 (5th Cir. 1975).

[4] Lockhart, Morris & Montgomery is not a registered corporation, active or inactive, according to the records of the Alabama Secretary of State.

At the hearing on damages, the Debtor testified to his actual damages which consisted of the two $195.00 debits from his checking account and the loss of eight hours[5] of work at $18.59 per hour at his job for the hearing. Counsel for the Debtors submitted that he spent 6.7 hours[6] on this matter and that his normal hourly rate is $285.00 per hour. Counsel for the Debtor submitted no expenses.

## CONCLUSIONS OF LAW

### A. Violation of the Automatic Stay

To provide for an orderly liquidation or reorganization, the Bankruptcy Code stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). This automatic stay arises by operation of law at the moment the bankruptcy petition is filed regardless of whether affected parties have notice of the filing. 11 U.S.C. § 362(a). See also, e.g., Ford v. A.C. Loftin, et al., (In re Ford), 296 B.R. 537, 542 (Bankr. N.D. Ga. 2003).

The Defendant has not disputed that its actions, in twice debited the Debtor's checking account post-petition, violated the automatic stay. The Defendant failed to appear at either hearing and failed to file a response or answer. Therefore, having found that a violation of the automatic stay occurred, the Court is left only to determine whether the violation was willful and if an award of damages is appropriate.

---

[5] It was not explained to the Court why the Debtor was required to take a full day off work for the morning evidentiary hearing.
[6] Again, it was not explained to the Court why Debtor's counsel spent more hours on this matter than on other similar matters previously handled by this attorney.

### B. Damages

### 1. Actual Damages

Section 362(h) of the Bankruptcy Code provides "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(h). A creditor acts with willfulness, for purpose of § 362, when he acts deliberately with knowledge of a bankruptcy petition even if his actions are not intentionally meant to violate the stay. See In re Parker, 279 B.R. 596, 603 (Bankr. S.D. Ala. 2002). See also Jove Eng'g, Inc. v. I.R.S. (In re Jove), 92 F.3d 1539, 1555 (11th Cir. 1996) ("willfulness generally connotes intentional action taken with at least callous indifference for the consequences"). Where a creditor is provided actual notice of the bankruptcy, any violation of the stay must be presumed to be deliberate. Smith v. Homes Today, Inc, et al. (In re Smith), 296 B.R. 46, 55 (Bankr. M.D. Ala. 2003). The Defendant was sent a *Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines* (doc. no. 8) on December 6, 2007. Despite receiving notice of the bankruptcy, the Defendant collected on a pre-petition debt post-petition without leave of the Court to do so.

Based on the foregoing, the Court finds the Defendant's conduct, after receiving written notice of the bankruptcy filing, constitutes a willful violation of 11 U.S.C. § 362(a)(3). The Debtor is therefore entitled to actual damages pursuant to 11 U.S.C. § 362(h). The Court finds that the Debtor suffered actual damages of $390.00, the amount debited, and $148.72 in lost wages. The Court also awards costs and attorneys' fees of $1,909.50 to the Debtor's attorney.

## 2. Punitive Damages

Section 362(h) also grants this Court discretion to award punitive damages in "appropriate circumstances." 11 U.S.C. § 362(h). Determining what constitutes "appropriate circumstances" is left to this Court's discretion. See Smith, 296 B.R. at 56.

The Defendant was listed and scheduled. Notice of the bankruptcy was sent to the Defendant. Despite this, the Defendant twice collected on a pre-petition unsecured debt post-petition. The Defendant's unfamiliarity with the Bankruptcy Code, even if alleged, would not excuse his actions or his blatant disregard for the law.

Therefore, based on the foregoing, the Court finds the Debtor is entitled to punitive damages of $1,000.00. Accordingly, it is hereby

**ORDERED, ADJUDGED AND DECREED** that a **JUDGMENT** is hereby rendered against the Defendant in favor of the Plaintiff in the amount of $2,448.22 for actual damages and $1,000.00 for punitive damages.

Dated this the 2nd day of June, 2008.

/s/ Tamara O. Mitchell
TAMARA O. MITCHELL
United States Bankruptcy Judge